

U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

---

*Robert L. Frazer*
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, New Jersey 07102

Direct Dial: (973) 645-2897
Facsimile: (973) 645-3497
robert.frazer@usdoj.gov

April 13, 2015

The Hon. Esther Salas
**BY EMAIL AND ECF FILING**

        **Re: United States v. Farad Roland, *et. al.***
        **Ind. No. 12-298 (ES)**

Dear Judge Salas:

    Please accept this letter in lieu of a more formal brief in response to defendants Williams's and Lowery's publicly filed motions in which they claim the case is so complex that two appointed attorneys are necessary. The Government has already explained in its February 27, 2015 motion to relieve learned counsel ("Initial Motion") why the defendants are wrong (*see* Initial Motion, Point B(3)), and will not elaborate further here. However, the Government respectfully submits this letter to clarify two points that the Government could not have anticipated when it filed its Initial Motion.

    First, when the Government filed its Initial Motion, defendants Williams and Lowery had already filed *ex parte* applications without notice to the Government arguing that the Court should retain taxpayer funded learned counsel even though the right to such counsel had been extinguished. The Government learned of the *ex parte* applications after they had been filed. Since the defendants' applications were *ex parte*, the Government was completely unaware of the grounds upon which defendants sought to retain second counsel. Thereafter, in an effort to learn about the grounds upon which defendants relied, the Government asked this Court to "allow the Government access to any submissions the Court deems to be relevant and appropriate." After the Government filed its Initial Motion, however, the defendants each publicly filed a response setting forth the general facts and legal basis for their request. Given that the defense has now publicly provided notice of the grounds

1

upon which they seek to retain counsel, the Government withdraws its request for access to any portions of the defendants' *ex parte* applications.[1]

Second, because the Government, logically (but incorrectly) assumed that defendants must have relied upon 18 U.S.C. Sections 3005 and 3006A(b) in their *ex parte* applications, it did not address the defendants' now publicly filed claim that Section 3006A(e) authorizes the Court to retain second appointed counsel.[2] Unfortunately for the defendants, both the text of the statute and the case law interpreting the statute clearly show that 3006A(e) does not apply to appointment of counsel. The defendants ask this Court to disregard entirely the sections Congress devoted to the issue of appointment of counsel - Sections 3005 and 3600A(b)-(d) - and instead rely on a subsection entitled "Services other than counsel." As would be expected from the title, the body of 3006A(e) clearly refers to services other than counsel, such as investigators and experts:

**(e) Services other than counsel.-**

**(1) Upon request.-** Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services (emphasis in original).

The defendants suggest the phrase "other services necessary for adequate representation" provides the legal basis for the Court to retain second counsel, but neither the plain language of the statute nor the case law interpreting the statute supports their view. The defense has not cited (and the Government has not found) a single case in which a

---

[1] The Government's conclusion that defendants have now given adequate notice assumes that each defendant has summarized in his public filing all of the grounds upon which he moved to retain second counsel in his *ex parte* application.

[2] Although only Lowery fully addresses this issue, Williams in his response adopted Lowery's response and specifically cited Section 3006A(e)(1) as a basis for appointment of second counsel. Williams Response at 4.

court has either authorized appointment of second counsel under 3006A(e)(1) or interpreted the phrase "other services necessary for adequate representation" to apply to appointment of counsel.

All of the cases the defendants cite involve expert witnesses, investigators or other non-attorney professional assistance. See, e.g. *United States v. Sutton*, 464 F.2d 552 (5th Cir. 1972) (investigator); *Lawson v. Dixon*, 3 F.3d 743 (4th Cir. 1993) (psychiatric expert); *United States v. Chavis*, 476 F.2d 1137 (D.C. Cir. 1973) (psychiatric expert). In one of the cases Lowery cites, *Marshall v. United States*, 423 F.2d 1315 (10th Cir. 1970), the Tenth Circuit Court of Appeals discussed the circumstances under which either 3006A(b) or 3006A(e) would apply. In *Marshall*, the defense counsel made a motion asking the District Court to "appoint counsel or to arrange for some investigation pursuant to the Criminal Justice Act to investigate [find and interview]" a person located in another state who may have had relevant information for the defense. *Marshall*, 423 F.2d at 1317. In that case, the defense did not specify the subsection of the Criminal Justice Act under which it sought this appointment. In resolving the defendant's request, the District Court conducted an adversarial public hearing at which defendant testified. On appeal, Marshall claimed the District Court should have resolved the issue by *ex parte* submission rather than adversarial hearing. The Government argued that an adversarial hearing was proper because the request was for appointment of counsel (and thus governed by 3006A(b)). *Marshall*, 423 F.2d at 1318. The Court of Appeals disagreed that the request was for appointment of counsel and found that although the defense motion was "ambiguous," the request was for "investigative aid." *Id.* In determining that 3006A(e) applied to a request for investigative aid the Court discussed which subsection of 3006A applied to each of those two different situations:

> "Marshall's initial claim involves the interplay of language in two subsections of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A(b), (e). Appointment of counsel for federally prosecuted indigents is provided for in 18 U.S.C. § 3006A(b), which contemplates 'appropriate inquiry' by the court as to defendant's claimed need. However, subsection (e), **covering services other than counsel**, requires an *ex parte* proceeding to test the necessity of 'investigative, expert, or other services' to the conduct of the accused's defense."

3

*Marshall*, 423 F.2d at 1317 (emphasis added). *See also, United States v. Abreu*, 202 F.2d 386, 390 (1st Cir. 2000) ("*Ex parte* applications for services **other than counsel** under subsection (e) shall be heard *in camera*," quoting the Administrative Office of the United States Courts, Guide to Judiciary Policies and Procedures, ch. III, pt. A, § 3.03) (emphasis added). Here, there is no question that Lowery and Williams request appointment of counsel, not investigative services.

That compensation for services rendered under the authority of 3006A(e) is capped at $2400, further supports the positon that Congress did not intend 3006A(e) to apply to appointment of counsel.[3] There is almost no conceivable circumstance under which the cost of counsel's services would be $2400 or less in any case to which counsel was appointed. It is difficult, if not impossible, to believe that Congress would have included this cap if it had intended 3006A(e) to apply to appointment of counsel. Rather, the cap, like the plain language of the remainder of 3006A(e), demonstrates that it was intended for services other than counsel.

In light of: the separate statutory scheme that expressly controls appointment of counsel, the clear language of 3006A(e), and the case law interpreting that subsection, 3006A(e) simply does not apply to appointment of counsel.[4] It is also clear that Section 3005 and 3006A(b)

---

[3] Title 18, U.S.C., Section 3006A(e)(3) states in relevant part: "Compensation to be paid to a person for services rendered by him to a person under this subsection, or to be paid to an organization for services rendered by an employee thereof, shall not exceed $2,400 . . . unless payment in excess of that limit is certified by the court . . . as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit." Lowery also cites a Criminal Justice Act Guideline, 310.30.10, but nothing in that Guideline or anywhere else in Chapter 3 - the Chapter devoted to 3006A(e) issues - indicates that it applies to attorney services or appointment of counsel.

[4] Presumably, Lowery and Williams disregard the obvious authority and instead try to shoehorn their request into 3006A(e) because it, unlike sections 3005 or 3006A(b), permits an *ex parte* submission to the Court. Lowery accuses the Government of forcing him "to waive or abandon the protections of confidentiality afforded by Congress" in order to support his motion to retain counsel. Lowery Motion at 13. Nothing could be further from the truth. In its Initial Motion the Government did not seek

4

are controlling in this situation. As set forth in the Government's Initial Motion, defendants Williams and Lowery have no right to second counsel under Section 3005 because this is no longer a capital case. Further, while the Court obviously has discretion to retain second counsel, that discretion is rooted in 3006A(b) and the applicable Criminal Justice Act Guidelines set forth in Chapters Two and Six. Accordingly, for the reasons set forth in the Government's Initial Motion and herein, the Government respectfully requests the Court dismiss taxpayer funded second counsel for defendants Lowery and Williams.

Respectfully Submitted,

PAUL J. FISHMAN
United States Attorney

BY:   ROBERT L. FRAZER
      Assistant U.S. Attorney

CC: **(BY E-MAIL)**

Donna R. Newman, Esq.        Richard Jasper, Esq.
James C. Patton, Esq.        Carl Herman, Esq.
John A. Azzarello, Esq.      Anthony Ricco, Esq.

---

confidential materials, but rather proper notice and a fair opportunity to litigate. As their current submissions demonstrate, both Lowery and Williams could have made their initial applications in a public filing that did not contain confidential information. Instead, they chose to litigate a contested issue by comingling non-confidential information and legal argument with confidential information. It was they, not the Government, who created the issue. Regardless, that issue is now moot because the Government has withdrawn its request to obtain any portion of their *ex parte* applications to retain second counsel.