LAW OFFICE OF
# MICHAEL K. BACHRACH
276 FIFTH AVENUE, SUITE 501
NEW YORK, N.Y. 10001
--------------
TEL. (212) 929-0592 • FAX. (866) 328-1630

MICHAEL K. BACHRACH *                                                      http://www.mbachlaw.com
\* admitted in N.Y., MN and D.C.                                  michael@mbachlaw.com

January 12, 2016

**By ECF**

The Honorable Esther Salas
United States District Court Judge
District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

             *Re: United States v. Farad Roland,*
              *Criminal No. 12-298 (ES)*

Dear Judge Salas:

  We represent the defendant, Farad Roland, in the above-captioned authorized death penalty case, and submit this letter to outline the procedures that we suggest should be followed for the upcoming proceedings. We note that these proposals are based upon the undersigned counsel's experience representing defendants and witnesses in hearings held pursuant to Rule 44(c) of the Federal Rules of Criminal Procedure, referred to as a "<u>Curcio</u> hearing" in the Second Circuit. <u>See</u> <u>United States v. Curcio</u>, 680 F.2d 881 (2d Cir. 1982). Other Circuits have similar procedures as well.

  We do not intend this letter to take a position on how this Court should resolve any specific step below, only to outline what we suggest are the procedures that should be followed.

  **A.**   **Proposed procedures to follow**:

  The Second Circuit has described the 6-part procedure for <u>Curcio</u>'s hearings as follows:

> [Prior to obtaining a waiver,] the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of

>     questions that are likely to be answered in narrative form,
>     whether the defendant understands the risks of
>     representation by his present counsel and freely chooses to
>     run them.

United States v. Perez, 325 F.3d 115, 124 (2d Cir. 2003), Curcio, 680 F.2d at 888-90.

Applying the 6-part Curcio procedure to the procedural posture of Mr. Roland's case, we respectfully suggest that the Rule 44(c) hearing should proceed here as follows:

(1) This Court should begin by determining whether the "conflict" at issue in this case is "actual", a "potential", or not a conflict at all.

(2) If this Court finds that an actual or potential conflict exists, then this Court should determine whether the conflict is one that is waivable.

(3) If this Court finds that a waivable conflict exists – irrespective if the conflict is actual or potential – this Court should then conduct initial questioning of the defendant to determine whether or not the defendant wishes to waive the conflict. See, infra, at Section B (proposing initial questions to be asked at "First Proceeding").

(4) If the defendant states at this First Proceeding that he wishes to waive the conflict, or if the defendant states that he is not sure what he wants to do, then this Court should appoint a "conflict-counsel" for the defendant and a separate conflict-counsel for CW (these should be separate attorneys) for the limited purpose of providing the defendant and CW, respectively, their individual assessments of the actual or potential conflict. These attorneys should be instructed that their appointment is limited solely to these Rule 44(c) proceedings and that their appointment(s) will not be continued for any purpose once the conflict proceedings have been resolved. Such is necessary to ensure unbiased advice (i.e., to remove a financial incentive for conflict-counsel to reach any specific conclusion regarding whether the defendant or CW should exercise their respective waivers). The conflict-counsel should then consult with counsel for the Government and the defense in order to obtain both sides views on the matter prior to meeting with the defendant and CW. Conflict-counsel should also receive copies of the parties' briefing on this matter and review such briefing prior to meeting with the defendant and CW, respectively.

(5) After the defendant and the CW have been given ample opportunity to consider the independent advice of their respective conflict-counsel, a Rule 44(c) hearing should be held. At such hearing this Court should then conduct further questioning to determine whether the defendant and/or CW is/are willing to waive any actual or potential conflict found by this Court to exist as

    well as to ensure that the waiver(s) is/are being entered into knowingly and voluntarily. <u>See, infra</u>, at Sections C and D (proposing follow-up questions to be asked at "Second Proceeding").

(6) If the defendant is willing to waive but CW is not, this Court must then determine whether the conflict is of such magnitude that CW's refusal to waive outweighs the defendant's desire to waive, or whether the defendant's desire to waive outweighs CW's refusal.

### B. Proposed Questions for First Proceeding (to defendant):

*[Note: The questions in this section and the sections that follow should only be employed if this Court first determines that an actual or potential conflict exists, and that the actual or potential conflict is waivable. If this Court determines that no conflict exists, or that a conflict exists that is not waivable, then no further inquiry is required.]*

(1) How old are you?

(2) How far did you go in school?

(3) Are you currently seeing a doctor for any reason?

(4) Within the last 24 hours have you taken any alcohol, drugs, or pills of any kind?

(5) Are you currently represented by Mr. Ambrosio?

(6) Are you also currently represented by Richard Jasper and Michael Bachrach?

(7) Have you been satisfied with Mr. Ambrosio's representation so far in this case?

(8) Have you been satisfied with Mr. Jasper and Mr. Bachrach's representation so far in this case?

(9) Do you understand that Mr. Ambrosio previously represented an individual we are referring to here as CW?

(10) Do you understand that the Government has represented that CW may be a witness against you in this case?

(11) Do you understand that Mr. Ambrosio cannot use any information he obtained from his former client while representing you in this case?

(12) Do you understand that if you continue to be represented by Mr. Ambrosio, he cannot discuss with you any privileged communications that he and CW may have previously had together?

(13) That is true even if revealing privileged communications to you would be in your best interest; Mr. Ambrosio still couldn't discuss them with you; do you understand that?

(14) Do you understand that Mr. Ambrosio may refrain from making certain arguments at your trial, even though such arguments may be beneficial to you, because of his prior representation of his former client?

(15) Do you understand that Mr. Ambrosio may refrain from cross-examining his former client, or may request that Mr. Jasper or Mr. Bachrach cross-examine CW in his place, to avoid a potential conflict of interest?

(16) So that this Court may be sure that you fully understand these issues, in your own words please describe what you believe is at issue today?

(17) Do you understand that in every criminal case, including this one, a defendant is entitled to the assistance of an attorney whose loyalty is undivided?

(18) Do you understand that you specifically are entitled to the appointment of an attorney whose loyalty is undivided?

(19) Have you had the opportunity to speak to Mr. Ambrosio about the conflict-of-interest issues that has come up in your case as a result of his prior representation of CW?

(20) Have you had the opportunity to speak to Mr. Jasper and Mr. Bachrach about the conflict-of-interest issues that I am discussing with you today?

(21) Do you understand that you have the right to be appointed an entirely separate attorney to consult with you regarding whether Mr. Ambrosio should remain as your lawyer in this case?

(22) Based upon what I have discussed with you today, and what Mr. Ambrosio, Mr. Jasper, and Mr. Bachrach may have discussed with you previously, do you wish Mr. Ambrosio to remain as your attorney in this case?

(23) Based upon what I have discussed with you today, and what Mr. Ambrosio, Mr. Jasper, and Mr. Bachrach may have discussed with you previously, are you willing to waive any conflict of interest related to CW that

  may arise as a result of Mr. Ambrosio's continued representation of you in this case?

(24) It is important that you understand that no one can predict with any certainty how this case will turn out or how CW might affect Mr. Ambrosio's representation of you. Do you understand that?

(25) Are you aware that if you are convicted you will not be able to appeal any error related to Mr. Ambrosio's prior representation of CW?

(26) Is there anything that the Court has said to you that you wish to have explained further?

(27) Do you wish to waive the potential conflict of interest related to CW so that Mr. Ambrosio may remain as your attorney in this case?

**C.** **Proposed Questions for Second Proceeding (if necessary) (to defendant):**

(1) Have you taken the opportunity to discuss with [insert name of conflict-counsel] the conflict-of-interest matters that I discussed with you in court previously?

(2) Did [insert name of conflict-counsel] thoroughly explain to you the potential effects or problems associated with Mr. Ambrosio's continued representation of you in this case?

(3) Did [insert name of conflict-counsel] answer all of your questions?

(4) Are you satisfied with the representation that [insert name of conflict-counsel] gave you?

(5) Having considered the ways in which Mr. Ambrosio's may be affected by his prior representation of CW, do you still wish Mr. Ambrosio to remain as your attorney in this case?

(6) Do you understand that if you proceed with Mr. Ambrosio as your attorney you will not be able to claim later that Mr. Ambrosio's prior representation of CW prejudiced his representation of you in any way?

(7) Have you received any inducement or promise that may have influenced your decision on this issue?

(8) Have you received any inducements, promises, or threats with regard to your choice of counsel in this case?

(9) Have you been threatened in any way concerning your decision on this issue?

(10) Having now waived any potential conflict of interest inherent in Mr. Ambrosio's continued representation of you in this case, do you understand that if you are convicted in this case you will not be able to later appeal on this specific issue, nor complain that Mr. Ambrosio's prior representation of CW somehow prejudiced the outcome of your case?

### D. Proposed Questions for Second Proceeding (if necessary) (to CW):

(1) How old are you?

(2) How far did you go in school?

(3) Are you currently seeing a doctor for any reason?

(4) Within the last 24 hours have you taken any alcohol, drugs, or pills of any kind?

(5) Who is your current attorney or attorneys?

(6) Are you familiar with attorney Thomas Ambrosio?

(7) How do you know Mr. Ambrosio?

(8) When was the last time you met with or spoke with Mr. Ambrosio?

(9) Have you taken the opportunity to discuss with [insert name of conflict-counsel] how Mr. Ambrosio's prior representation of you may impact the present case against Farad Roland?

(10) Did [insert name of conflict-counsel] thoroughly explain to you how Mr. Ambrosio's prior representation of you may effect Mr. Roland's case?

(11) Did [insert name of conflict-counsel] thoroughly explain to you how Mr. Ambrosio's current representation of Mr. Roland may affect you?

(12) Did [insert name of conflict-counsel] answer all of your questions?

(13) Are you satisfied with the representation that [insert name of conflict-counsel] gave you?

The Honorable Esther Salas
January 12, 2016
Page 7 of 7

      (14)    Do you have any objection to Mr. Ambrosio represented Mr. Roland in this case?

      (15)    [If Yes:] What objection do you have?

             [If No:] Are you willing to waive any future objection you might have to Mr. Ambrosio's representing Mr. Roland in this case?

                         Respectfully submitted,

                         /S/ Michael K. Bachrach
                         /S/ Richard Jasper
                         /S/ Thomas Ambrosio
                         *Attorneys for Defendant Farad Roland*

cc:    All parties of record (by ECF)