

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*　　(973) 645-2700
*Newark, New Jersey 07102*

January 20, 2016

**VIA ECF AND ELECTRONIC MAIL**
The Honorable Esther Salas
United States District Court
Martin Luther King, Jr. Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

  Re: United States v. Farad Roland
     Crim. No. 12-298 (ES)

Dear Judge Salas:

  Please accept this letter in further support of the Government's Motion to Disqualify Thomas Ambrosio. The Government submits this brief letter to respond to several cases cited by defense counsel at the oral argument held on January 14, 2016.

  **I. A Waiver is Required from CW.**

  Nothing cited by defense counsel changes the fact that—whether the Court determines that the CW is a former or current client of Mr. Ambrosio's—a waiver of conflict is required from CW in order for Mr. Ambrosio to remain in compliance with the New Jersey Rules of Professional Conduct ("RPC"). Indeed, the cases cited by defense counsel are completely consistent with the Government's analysis of the RPC and how the RPC applies here.

  The Government respectfully submits that Mr. Ambrosio's representation of the CW is current, for all the reasons discussed in the Government's briefs and at oral argument. A magistrate judge appointed Mr. Ambrosio to represent the CW in connection with his cooperation with the Government in this case and another matter, and that cooperation is ongoing. Even Mr. Ambrosio's own words in an email to AUSA Benvenuto contemplate continued assistance as trial preparation commenced, should the witness request it. *See* March 26, 2014 Email from Ambrosio to Benvenuto ("I did advise him that I would be available to sit in any trial preparation meeting he may have with your office. He seemed comfortable to have meetings without me but was informed that he can ask for my assistance at any time, even in the middle of a trial prep meeting.") Because Mr. Ambrosio's representation is current, a waiver is needed pursuant to RPC 1.7.

But even if the Court finds that CW is a former client, a waiver is still required pursuant to RPC Rule 1.9. Rule 1.9(a) provides that "[a] lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which the client's interests are materially adverse to the interests of the former client unless the former client gives informed consent in writing." The Defendant concedes that every element of this Rule is met here except for "the same or substantially related matter." The Defendant's argument has no basis in the law or in the facts before the Court. None of the cases cited by the Defendant support this plainly erroneous application of Rule 1.9.

Mr. Ambrosio's representation of Mr. Roland is in the ***same*** matter as his representation of CW. Mr. Ambrosio was appointed to represent the CW in connection with his cooperation with the Government, and that cooperation includes testimony against Mr. Roland in this very matter. Mr. Ambrosio advised the CW on the very cooperation agreement pursuant to which the CW will testify against Mr. Roland.

But despite the record showing that this is the ***same*** matter, the Defendant attempts to argue that Mr. Ambrosio's representation of the CW in connection with his cooperation in this very matter is somehow not "substantially related." The Defendant cites a Supreme Court of New Jersey case, which analyzes RPC 1.9 and establishes that matters are deemed to be "substantially related" if "(1) the lawyer for whom disqualification is sought received confidential information from the former client that can be used against that client in the subsequent representation of parties adverse to the former client, or (2) facts relevant to the prior representation are both relevant and material to the subsequent representation." *City of Atlantic City v. Trupos*, 201 N.J. 447 (2010). Under either *Trupos* test, the matters are clearly—at a minimum—"substantially related."

First, the law is clear that access to confidences and privileged information is conclusively presumed once an attorney-client relationship has been established. *United States v. Provenzano*, 620 F.2d 985, 1005 (3d Cir. 1980). Second, a contemporaneous email from Mr. Ambrosio confirms that he had "time to assess any potential self incrimination issues that [the CW] might face during his continued cooperation." March 26, 2014 Email from Ambrosio to Benvenuto. Given the nature of the cooperation agreement here—where there is no federal charge and the witness will necessarily have to admit to prior bad acts as a part of his testimony—confidential information must have been discussed.

But even assuming, *arguendo*, that Mr. Ambrosio received no confidential information from the CW, the second test outlined in *Trupos* is conclusively dispositive here. The facts related to the cooperation agreement and the CW's understanding of the cooperation agreement are—without any doubt—relevant and material to Mr. Roland's trial. Indeed, the terms of that agreement—including the

benefits to the CW—are clearly relevant and material to the credibility of the CW, which will be a key issue for the jury in assessing the CW's testimony.

This is not a close call.  Applying the RPC using logic and common sense, this is the ***same*** matter.  But even assuming that it is not the same, the RPC 1.9(a) clearly applies to this case under any of the "substantially related" standards outlined above.  Accordingly, a waiver is necessary from the CW.  Nothing cited by the Defendant changes the analysis.  In fact, the civil case from the District of New Jersey, *Southward v. Elizabeth Board of Education*, Civil No. 15-3699 (ES) (JAD), 2015 WL 8780536 (D.N.J. December 14, 2015), simply reiterates the standard for a "substantially related" matter as outlined in *Trupos*.  Factually, the *Southward* case adds nothing to the analysis: it is a civil case involving retained counsel where the prior representation was on clearly unrelated matters.  *Id.* at *3-*4.  As a result, Judge Dickson found that the matters were not "substantially related," and therefore RPC 1.9 did not apply.  Obviously the facts here demand a different result.[1]

In short: a waiver from CW is required, regardless of whether the Court finds that Mr. Ambrosio's representation of the CW is current or prior.  For all the reasons detailed in prior briefs and at oral argument, the Court should decline to accept any waivers due to the serious actual and potential conflicts here, which far outweigh any potential prejudice to the Defendant.

### II. **The conflicts here warrant disqualification, regardless of whether a prejudice analysis or a Sixth Amendment right to choice of counsel analysis is applied.**

Defendant cites a series of state cases to support his argument that once counsel has been appointed and an attorney-client relationship has been established, the Defendant has a Sixth Amendment right to that appointed counsel.[2]  While some states may have found that right in some circumstances, the Supreme Court has not.  *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) (citing *Wheat*, 486 U.S. at 159) ("the right to counsel of choice does not

---

[1] Similarly, *United States v. Morrell-Corrada*, 343 F.Supp.2d 80 (D.P.R 2004), is inapposite.  There, the district court declined to disqualify retained counsel for a number of reasons that are factually distinguishable from this case.  Regarding Rule 1.9, the district court found that it was not applicable because interests of the former and current client were not "materially adverse."  Here, Defendant has agreed that the "materially adverse" factor in RPC 1.9 is satisfied.

[2] It is noteworthy that of the cases cited by the Defendant, only *People v. Harlan*, 54 P.3d 871 (Colo. 2002) is in the context of conflicts of interest.  The remaining cases deal with arbitrary or unauthorized dismissals of counsel.  *See, e.g., Harling v. United States*, 387 A.2d 1101 (D.C.App. 1978)*; Smith v. The Superior Court of Los Angeles County*, 440 P.2d 65 (Cal. 1968); *Stearnes v. Clinton*, 780 S.W.2d 216 (Tex. Crim. App. 1989); *McKinnon v. State*, 526 P.2d 18 (Ak. 1974); *Clements v. State*, 817 S.W.2d 194 (Ar. 1991); *People v. Mungia*, 44 Cal.4th 1101 (Cal. 2008).

extend to defendants who require counsel to be appointed for them"). The Government submits that here, the Court should weigh the serious potential conflicts against any prejudice to the Defendant—and given that trial is a year away and that Mr. Ambrosio has only been Defendant's counsel for three months, the conflicts far outweigh any prejudice to the Defendant.

But even putting that aside, and assuming that Mr. Ambrosio were retained and that the Sixth Amendment right to counsel of choice was at issue, the record establishes serious potential conflicts stemming from his representation of a cooperating witness in this case, and Mr. Ambrosio should be disqualified. In other words, regardless of whether the matter before the Court is analyzed under a Sixth Amendment right to counsel analysis or a prejudice analysis, the law is clear that it is well within this Court's discretion to disqualify under the circumstances here. *See* Government Brief dated December 18, 2015 at 8-13.

For all the foregoing reasons, as well as those in the briefs and at oral argument, the Government submits that that the Court should disqualify Mr. Ambrosio from continuing to represent defendant Farad Roland in this matter, regardless of any waivers.

                                          Respectfully Submitted,

                                          PAUL J. FISHMAN
                                          United States Attorney

By: _____
      COURTNEY A. HOWARD
      Assistant U.S. Attorney
      ROBERT L. FRAZER
      Assistant U.S. Attorney
      ROBERT J. FEITEL
      Special Assistant U.S. Attorney

cc:    Thomas Ambrosio, Esq. (by email)
        Richard Jasper, Esq. (by email)
        Michael Bachrach, Esq. (by email)