

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Robert L. Frazer*　　　　　　　　　　970 Broad Street, Suite 700　　　*Direct Dial: (973) 645-2897*
*Assistant United States Attorney*　　Newark, New Jersey 07102　　　*Facsimile: (973) 645-3497*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*robert.frazer@usdoj.gov*

February 9, 2016

Thomas Ambrosio, Esq.
Richard Jasper, Esq.
Michael Bachrach, Esq.
**BY ECF AND EMAIL**

Dear Counsel:

　　　　This letter addresses defendant's production demand dated August 21, 2015 (Docket No. 106).

　　　　That demand incorporated an earlier demand from October 22, 2012 which requested certain discovery relating to the carjacking as charged in the Indictment filed May 4, 2012.[1][2] That Indictment has been superseded twice since the production demand was made, and the carjacking charge against the defendant now constitutes Counts Eleven and Twelve of the Second Superseding Indictment.

　　　　Prior to the October 2012 request (on or about July 6, 2012), the Government, pursuant to its Rule 16 obligations, turned over 116 numbered pages of discovery relating to the carjacking, including police reports, ballistics reports and fingerprint evidence. Additional discovery relating to the carjacking was turned over May 22, 2013 (photos of the two carjacked vehicles), December 11, 2013 (documents marked 40.0001-40.0040; 41.0001-41.0048); February 3, 2015 (41.0049-41.0065) and June 5, 2015 (41.0066-41.0073). This material is responsive to a majority of the defendant's requests in its October 2012 letter. However, the Government will respond to each demand below, in addition to each demand contained in the August 2015 letter. All items referenced as "attached" are contained on a computer disc that will be served upon defense counsel separately.

### August 21, 2015 Request

Request No. 1:　　**Incident No. 4**: Lawrence Parks identified Andre Shoulars.
　　　　　　　　　Photo Array: 04.0218-04.0226

---

[1] Roland was charged in Counts One and Two of the May 4, 2012 Indictment with carjacking (Count One) and use of a firearm in furtherance of that carjacking (Count Two).
[2] Both the October 22, 2012 and August 21, 2015 discovery demands were made by Roland's former counsel, Donna Newman. Ms. Newman was relieved as counsel by the Court on or about September 11, 2015.

**Incident No. 11**: Two witnesses identified Fuquan Billings.
Photo Arrays: 11.0096-11.0105
One witness identified Fuquan Billings and Farad Roland.
The Government is seeking to locate these photos and will turn them over as soon as they are received.

**Incident No. 36:** A witness identified Malik Lowery from a photo as a person he had a prior relationship with who had possession of the vehicle Roland was in when Roland threw the gun on the New Jersey Turnpike. See 36.0109; 36.0111 and 36.0142

**Incident No. 40**: See discovery letter of July 6, 2012 "Identification of Defendants" for description of identifications made by witness of Mark Williams and Farad Roland.
Photo Array: 40.0037-40.0039

**Incident No. 41**: See discovery letter of July 6, 2012 "Identification of Defendants" for description of identifications made by witnesses of Malik Lowery
Photo Array: 41.0027-41.0028

**Incident No. 43**: One witness identified Ibn Hutchins, Farad Roland and Jacquenetta Wolfe as being involved in the robbery. That witness identified Malik Lowery as being associated with Farad Roland.
Photo Arrays: 43.0053-43.0056

One witness could not identify anyone in a photo array which included Ibn Hutchins and a second which included Malik Lowery. That witness identified a photo of Farad Roland as one of the robbers. The witness stated he "could be" the robber but was not sure.
One witness chose the photo of Farad Roland and said that photo stood out to him/her and that the person in the photo could be the person involved in the robbery but he/she was not sure. This witness also pointed to two photos in another array, one of which was Ibn Hutchins and said these two individuals could be one of the people involved in the robbery. This witness could not identify Malik Lowery in a third photo array.
Photo array: New discovery stamped 43.0061-43.0064

**Incident No. 45**: One witness was shown several photos and identified Farad Roland.
Photos: 45.0026-45.0031

**Incident No. 51**: Antoine Webb identified another individual, Antonio Clark, as the shooter. Webb's statement is marked 51.0047-51.0062.

**Incident No. 63**: A witness identified Ibn Hutchins and Farad Roland.
Photo Arrays: 63.0045-63.0060.

| | |
|---|---|
| Request No. 2: | All reports of the above identifications have been produced. See discovery under those incident numbers. |
| Request No. 3: | See 58.0023. |
| Request No. 4: | This request is overbroad on its face and misidentifies the relevant location as the "North Ward." The South Side Cartel was based in the South Ward. |
| Request No. 5: | This request is overbroad on its face. In any case, the Task Force was only operational for approximately one year. |
| Request No. 6: | The fourteen calls the Government presently intends to introduce at trial were turned over on October 20, 2015, Incident 97, marked "Audio." Transcripts are being developed and will be turned over once counsel agrees to the limitation of the use of these "rough drafts" at trial. All of Farad Roland's jail calls have previously been turned over in discovery, including these fourteen calls. The Government provided these fourteen calls as a courtesy to the defendant and reserves the right to add additional calls for use at trial. If additional calls are to be presented, the Government will notify the defendant as soon as that decision is made. |
| Request No. 7: | The Government does not see any mention of "video footage" in discovery marked 50.0016-50.0017 and requests that defendant clarify which video he is referencing. |
| Request No. 8: | While the witness was Mirandized at her workplace (50.0185), the only statement the Government is aware of is summarized in the report marked 50.0011, as the witness was never brought to the Newark Police Department for a formal statement. There is no evidence that the witness or her vehicle were involved in the murder. Her vehicle was only observed on March 13, 2008, two days *after* the murder, during an encounter with Newark Police. It was brought in for processing because it generally matched the description of the getaway vehicle used during the murder. |
| Request No. 9: | See Evidence log of Essex County Prosecutor's Office (50.0030-50.0032) and autopsy report (50.0049) for a list of property. Photos of the property are contained in the photographs of the autopsy turned over on May 22, 2013. |
| Request No. 10: | See 11.0096-11.0105. |
| Request No. 11: | The Government does not have any phone records for Jamar Stewart's cell phone, but the cell phone is available for viewing or forensic examination at a time mutually agreed upon by the parties. |

| | |
|---|---|
| Request No. 12: | This request has a faulty factual basis as the cell phone with number 848-391-2572 was not recovered from the Silver Monte Carlo. Per the report turned over in discovery at 04.0068, the phone was reportedly in the stolen Jeep which defendant and his co-conspirators allegedly used to commit the murder and was owned by the spouse of the lessee of the vehicle. No such phone was found during a search of the vehicle by law enforcement. The phone was deactivated by the owner on December 11, 2003. All records are contained at 04.0070-04.0072. |
| Request No. 13: | See 04.0520-04.0525. |
| Request No. 14: | The 2001 Black Jeep was processed. Two .9mm shell casings were found. See 04.0660. According to the reports, no fingerprints were found. See 04.0663. The shell casings are available for viewing upon request. |
| Request No. 15: | The Government does not intend to use any cell site evidence in this case. The Government will research the long list of telephone subpoenas to see if any responsive records were received by local law enforcement. However, other than the phone records produced in discovery relating to incidents 4 and 12, the Government will not use any other phone records for these incidents. |
| Request No. 16: | The records at 12.0069 through 12.0074 are the complete records of the Marshals Service relating to assistance they provided at the request of local law enforcement. |
| Request No. 17: | Medical records for Marquet Dorsey were turned over at 61.0100-61.0717. Medical records for Andre Shoulars were turned over at 04.0232-04.0519. Medical records for Dudley Hill were turned over at 04.0527-04.0588. |
| Requests No. 18 and 20: | Firearms reports and IBIS hits in the case have been turned over, and, where possible, reports of the IBIS hits have been turned over. Laboratory data, including lab procedures and any written notes, will be turned over with the Jencks material at the time ordered by the Court. |
| Request No. 19: | The Government will use data obtained from a search warrant of phones recovered during Incident No. 36. A disc of the reports generated by the search of the phones was produced on or about May 24, 2013. The search warrant applications can be found at 36.0060-36.107. |
| Request No. 21: | Fingerprint reports have been turned over. |
| Request No. 22: | An unredacted copy of 12.0009 is attached. |
| Request No. 23: | Records can be found at 12.0070-12.0090. |

## October 18, 2012 Request

| | |
|---|---|
| Request No. 1: | Gary Robinson, Investigation officer, Newark Police Department. IO Robinson's resume/CV is attached at 40.0042-40.0043. |
| Request No. 2: | IO Robinson will testify that the latent fingerprint recovered from the driver's door of the carjacked vehicle matches Farad Roland based on generally accepted scientific principles and his decades of experience and thousands of fingerprint comparisons conducted. |
| Request No. 3: | See CV. |
| Request No. 4: | See 40.0014-40.0020 for AFIS printouts and fingerprint comparison report. The AFIS system check is run by the Records and Identification Section of the New Jersey State Police. The Government does not intend to introduce evidence of the AFIS procedures or results (indeed, this evidence is not likely admissible due to prejudice to the defendant that could result), but will rely upon crime scene officers who lifted the print, photos of the vehicle and IO Robinson to testify as to the fingerprint comparison with known fingerprints of the defendant. Thus, the credentials, reliability of the instruments and the procedures followed by the State Lab are not relevant. |
| Request No. 5: | The 12/9/07 shooting file has been turned over at 38.0001-38.0077. The ballistics evidence has been turned over at 40.0024-40.0026 and 38.0014, 38.0068-38.0075. |
| Request No. 6: | See response to August 21, 2015 Request No. 1 above, incident No. 40. |
| Request No. 7: | FBI Special Agent Jeffrey Ochs, FBI Task Force Officer Kevin Connell. |
| Request No. 8: | United States Attorney's Office, District of New Jersey, Newark. |
| Request No. 9: | FBI Special Agent Jeffrey Ochs, FBI Task Force Officer Kevin Connell. |
| Request No. 10: | See crime scene photos turned over on May 22, 2103. Additionally, video footage from a television show produced by A&E Network in 2008, "Jacked, Auto Theft Task Force – Season One" contains relevant evidence of the carjackings and use of a firearm in furtherance thereof as charged in Counts 11 through 14 of the Second Superseding Indictment. The Government intends to introduce this recording at trial. The footage is contained in the bonus feature section of the second disc in the Season One DVD under the title "All In a Day's Work" under sub-title "This Is Bad News." |

| | |
|---|---|
| Request No. 11: | Names of witnesses will be turned over at the appropriate time prior to trial or pursuant to a court order. |
| Request No. 12: | April 26, 2007 |
| Request No. 13: | Position No. 1: Jolo Otis<br>Position No. 2: Farad Roland<br>Position No. 3: Desmond Sanders<br>Position No. 4: Asmar Webb<br>Position No. 5: Lamar Johnson<br>Position No. 6: Omar McCombs |
| Request No. 14: | Passenger door. |
| Request No. 15: | The "Bolo" report is not in the Government's possession but a search will be made for it and if obtained will be produced immediately. |
| Request No. 16: | No such reports are known to the Government to exist. See reports stamped 40.0010-40.0012 for the first sighting of the vehicle on January 3, 2008. |
| Request No. 17: | See reports stamped 40.0003-40.0005, 41.0003-41.0006. |
| Request No. 18: | See discovery stamped 41.0031-41.0046. |
| Request No. 19: | No such wanted poster is known to the Government to exist. |
| Request No. 20[3]: | A copy of the photo array is attached as 40.0041. |

Respectfully Submitted,

PAUL J. FISHMAN
United States Attorney

BY:    *[signature]*
       ROBERT L. FRAZER
       Assistant U.S. Attorney

---

[3] This request follows Request No. 19 but has no number. The Government will refer to it as Request No. 20.