

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Robert L. Frazer*  
*Assistant United States Attorney*

*970 Broad Street, Suite 700*  
*Newark, New Jersey 07102*

*Direct Dial: (973) 645-2897*  
*Facsimile: (973) 645-3497*  
*robert.frazer@usdoj.gov*

February 9, 2016

Thomas Ambrosio, Esq.
Richard Jasper, Esq.
Michael Bachrach, Esq.
**BY ECF AND EMAIL**

Dear Counsel:

This letter addresses defendant's discovery demand dated January 11, 2016 (Docket No. 138).

| | |
|---|---|
| Request No. 1: | See Bates stamped documents 04.0660, 04.0663. |
| Request No. 2: | In response to this request, the Government obtained the Newark Police Department file for the shooting of Cyrus Morgan on December 1, 2003. (04.0589-04.0695). Per the file, Morgan was never interviewed. (See 04.0601, 04.0675-04.0679). |
| Request No. 3 and Request for Disclosure of Brady Witness Names: | At this time, the defendant is not entitled to the names of the Government's witnesses, whether named in the November 16, 2015 letter or not. The Court has ruled, and the defense has agreed, that *Jencks* material, and, by implication, witness identities, will not be required until August 1, 2016.[1] See Order of the Court, Dkt. No. 111. It was agreed, after argument by the defendant that the material was needed *before* jury selection, that the August 1, 2016 date would give the defendant sufficient time for a proper investigation. The Court also specifically stated, "[t]he Government may, prior to August 1, 2016, apply for an *ex parte* hearing with this Court to identify any witnesses for whom the Government has security concerns." Despite this agreement and order by the Court, counsel now states that they "cannot conduct [an] adequate and timely |

---

[1] This date may be subject to change based upon the outcome of the recent motion to disqualify defendant's counsel. The Court has stayed the prior deadlines imposed until that motion is resolved. This delay may affect the trial date, and thus the time for disclosure of witnesses.

investigation" unless the names of these witnesses are turned over *now*, some eight months before jury selection. Nothing in the November 16th letter would dictate such a complete change in the defendant's position from that taken at the scheduling conference. The Government will reserve any arguments regarding the need for protective orders until such time as the Court rules on this request.

    Respectfully Submitted,

    PAUL J. FISHMAN
    United States Attorney

BY:    ROBERT L. FRAZER
    Assistant U.S. Attorney