

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*   Phone: (973) 645-2700
*Newark, New Jersey 07102*

April 1, 2016

***Via ECF and Electronic Mail***
The Honorable Esther Salas
United States District Court
Martin Luther King, Jr. Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:   <u>United States v. Farad Roland</u>
           Crim. No. 12-298 (ES)

Dear Judge Salas:

      The Government is requesting that the Court address an issue which is not covered by the current Scheduling Order. The issue is that of death penalty eligibility. While the Court has set a September 1, 2016 deadline for the defendant to present mental health mitigation evidence, that deadline does not take into account the potential argument from the defendant that he is ineligible for the death penalty due to intellectual disability pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002). Of course, ineligibility for the death penalty as a threshold matter is far different than an argument that the death penalty not be imposed by the jury due to mitigating factors, including mental health factors. Notably, the recent decision of *United States v. Ronell Wilson*, Crim. No. 04-1016, Dkt. No. 1535 (E.D.N.Y. March 15, 2016)[1] is an example of the series of lengthy hearings, rulings, and other processes that may be required before the court could issue a final ruling. In fact, a review of the docket in *Wilson* shows that an entirely separate briefing and hearing schedule was set for the *Atkins* claim. The Court specifically ordered "that resolution of the *Atkins* claim should precede litigation of other mental health issues [specifically, Rule 12.2 notice and discovery as it relates to mitigation], as this claim is potentially dispositive of the penalty phase of this case." *Wilson* at Dkt. No. 618 (hereinafter "*Wilson* Scheduling Order"). The *Wilson* Scheduling Order anticipated many months of notice, briefing, expert retention, evaluations, and hearings related to the *Atkins* claim.

---

     [1] Richard Jasper, Esq. was one of the appointed counsel for the retrial of the penalty phase in *Wilson*.

    Should Farad Roland submit similar evidence of intellectual disability in support of an *Atkins* claim, and should the Government disagree with those findings, the Court will necessarily have to rule whether the defendant is ineligible for the death penalty. Because this would have a dramatic impact on the current trial schedule, the Government asks that the Court address this issue immediately.[2]

                                    Respectfully Submitted,

                                      PAUL J. FISHMAN
                                    United States Attorney

                                    */s/ Robert L. Frazer*

                      BY:    ROBERT L. FRAZER
                             Assistant U.S. Attorney

CC:    **(BY E-MAIL)**

Stephen Turano, Esq.        Richard Jasper, Esq.
Michael Bachrach, Esq.

Special AUSA Robert Feitel
AUSA Courtney Howard

---

[2] To be clear, the Government is not seeking pre-September disclosure of mental health mitigation that does *not* impact death penalty eligibility pursuant to *Atkins*.