LAW OFFICE OF
# MICHAEL K. BACHRACH
276 FIFTH AVENUE, SUITE 501
NEW YORK, N.Y. 10001
--------------
TEL. (212) 929-0592 • FAX. (866) 328-1630

MICHAEL K. BACHRACH *                                                                                                            http://www.mbachlaw.com
* admitted in N.Y., MN and D.C.                                                                                            michael@mbachlaw.com

April 4, 2016

**By ECF**

The Honorable Esther Salas
United States District Court Judge
District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

>    *Re: United States v. Farad Roland,*
>    *Criminal No. 12-298 (ES)*

Dear Judge Salas,

      We write to respond to the Government's letter, dated, April 1, 2016, which implicitly requests an amendment to this Court's Scheduling Order, dated, March 8, 2016 (*ecf* #177), to take into account any additional litigation that might occur in relation to Atkins v. Virginia, 536 U.S. 304 (2002). For the reasons that follow, we respectfully submit that the Government's request is premature.

      At the outset we note that the Government's submission appears to have an important factual error. The Government states that "the Court has set a September 1, 2016 deadline for the defendant to present mental health mitigation evidence" (Gov't letter at 1) (emphasis added). We assume the Government is referring to this Court's deadline for the defense to provide notice of expert evidence of a mental condition, pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure. To the extent the Government believes a discovery deadline has been set, such cannot be the case since Rule 12.2 is a notice statute not a discovery statute, and this distinction was specifically addressed during oral argument on February 26, 2016.

      Indeed, Rule 12.2 is titled, "Notice of an Insanity Defense; Mental Examination," and the relevant subsection, Rule 12.2(b), is titled, "Notice of Expert Evidence of a Mental Condition." Nowhere in Rule 12.2 is there an additional pretrial discovery provision akin to Rule 16 or the Jencks Act.

      The Government's letter, dated, April 1, 2016, cites the recent decision in United States v. Wilson, Docket No. 04 Cr. 1016 (NGG), 2016 WL 1060245 (EDNY March 15, 2016), which vacated a sentence of death. The Wilson decision by Judge Garaufis to vacate a sentence of death – rendered after the retrial of a penalty phase that had itself been ordered as a result of Government misconduct during the Government's original penalty phase closing argument – was based upon

The Honorable Esther Salas
April 4, 2016
Page 2 of 2

      the recent United States Supreme Court decision in <u>Hall v. Florida</u>, 134 S.Ct. 1986 (2014).  The <u>Wilson</u> decision interpreting <u>Hall</u> represents a significant change in the law regarding intellectual disability.  As indicated in <u>Wilson</u>, the defendant, "lived an exceptionally well documented life."  The <u>Wilson</u> case differs markedly from this case in many respects.  However, the thrust of <u>Hall</u> and <u>Wilson</u> read together mandate a careful consideration of an <u>Atkins</u> claim.

      Lastly, here – importantly – the defense is not yet in the position to litigate any <u>Atkins</u>/<u>Hall</u> issues.  This aspect of the defendant's investigation is far from complete, and no final determination has been made regarding whether to raise an ineligibility claim in this case.

                    Respectfully submitted,

                    /S/ Michael K. Bachrach
                    /S/ Richard Jasper
                    /S/ Stephen Turano

cc:    All counsel of record (by ECF)