

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Robert L. Frazer*  
*Assistant United States Attorney*

*970 Broad Street, Suite 700*  
*Newark, New Jersey 07102*

*Direct Dial: (973) 645-2897*  
*Facsimile: (973) 645-3497*  
*robert.frazer@usdoj.gov*

April 21, 2016

Hon. Esther Salas, USDJ
**(BY EMAIL AND ECF)**

Re: <u>United States v. Farad Roland</u>
    Crim. No. 12-298 (ES)

Dear Judge Salas:

The Government is writing to express its continuing concern over the timing of the Defendant's disclosures as they relate to any possible *Atkins*[1] hearing. While we recognize and acknowledge that the Defendant has not officially declared his intent to move forward with an *Atkins* claim of intellectual disability, the Court should be aware of some pragmatic concerns which could greatly affect our current trial schedule in the event that the Defendant elects to formally proceed with an *Atkins* claim at this late date.[2]

First, at this juncture the Government is currently in the unenviable position of attempting to contact expert witnesses without having the faintest idea of the bases for a putative *Atkins* claim by the Defendant. This makes it difficult to have an intelligent conversation with any potential expert witness, as we are unable to provide them with an informed timetable of when their services would be required, or even what specific services would be needed from them. Surely, the Court is aware that many of the experts in the relevant disciplines are already overcommitted with other professional obligations, so not being able to share with them any relevant information, the factual bases of any claim, or pertinent timeframes, during our initial discussions with them becomes obviously problematic and engenders further delay of the trial.

Second, and completely apart from the *Atkins* claim, the Government will need time to evaluate the evidence independently if this evidence was not part of the defendant's original mitigation presentation to the Attorney General. If compelling, a second review by the Capital Case Section and the Attorney General under Department of Justice protocols may be necessary.

Therefore, to reiterate a request made by the Government in open Court on April 4, 2016, the Government requests that the Court order the Defendant to turn over to the Government on May 5, 2016 (or May 6, 2016 if such is the alternative Court date) all information and documentation in its possession

---

[1] *Atkins v. Virginia*, 536 U.S. 304 (2002).
[2] Whether an individual is intellectually disabled is a question of fact, and not a mixed question of law and fact, as determined by the district court. *Clark v. Quarterman*, 457 F.3d 441, 444 (5th Cir. 2006); *see also United States v. Wilson*, 922 F. Supp. 2d 334, 342 (E.D.N.Y. 2013).

1

related to any *Atkins* claim he may be pursuing. Since the Court ordered Ms. Marcus to review the evidence by the May 5th hearing, and the only objection to disclosure concerned having Ms. Marcus review the material before the Government did (*see* transcript of April 4, 2016 hearing, at pp. 92-100), there remains no legitimate reason to withhold this important evidence from the Government. The disclosure will facilitate the Government's decision making about which experts it may need to retain, and will allow a timely review, if necessary, of any new evidence that might impact the decision to seek the death penalty. Any additional delay in this regard will likely delay our current trial schedule.

                                          Respectfully Submitted,

                                          PAUL J. FISHMAN
                                          United States Attorney

                        BY:   ROBERT L. FRAZER
                              Assistant U.S. Attorney

CC:   **(BY E-MAIL)**

Stephen Turano, Esq.     Richard Jasper, Esq.
Michael Bachrach, Esq.   Susan Marcus, Esq.

Special AUSA Robert Feitel
AUSA Courtney Howard