

**U.S. Department of Justice**
*Acting United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*  *(973) 645-2700*
*Newark, New Jersey 07102*

August 3, 2017

**VIA ECF AND ELECTRONIC MAIL**
The Honorable Esther Salas
United States District Court
Martin Luther King, Jr. Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:   <u>United States v. Farad Roland</u>
          Crim. No. 12-298 (ES)

Dear Judge Salas:

    The Government respectfully submits this letter, and asks that the Court strike certain paragraphs from <u>Defendant's Proposed Findings of Fact and Conclusions of Law</u> because those paragraphs rely on factual support from outside the record.

    In ruling on an <u>Atkins</u> claim, the Court must consider and apply the applicable "clinical standard." <u>Moore v. Texas</u>, 572 U.S. ___, ___, 137 S. Ct. 1039, 1048-53 (2017). The confluence of the DSM-5, the AAIDD-11, and the expert opinions of the trained clinicians formed the "clinical standard" which the Court must use to guide its decision in this matter.

    The expert opinions were, themselves, informed by scientific literature relevant to this hearing. As Your Honor is aware, each side admitted dozens of scholarly articles and treatises to support their expert witnesses' opinions. Critical to each side's presentation of their case was the opportunity to challenge an expert's use of certain articles, and present rebuttal evidence regarding whether those articles supported the expert's testimony.

    Consistent with his well-established pattern during the <u>Atkins</u> hearing of "litigation by surprise," Defendant's pleading references numerous articles for the first time. <u>Defendant's Proposed Findings of Fact and Conclusions of Law</u> (Docket Entry 434), ¶¶ 171, 172, 245, 246, 248, 262, 695. The Government's

first notice of these articles came when undersigned counsel read the already-filed pleading.[1]

It is well settled that **"[c]ounsel are never justified in arguing facts outside of the record."** United States ex rel. Shaw v. DeRobertis, 581 F. Supp. 1397, 1409 (N. D. Ill. 1984), aff'd sub nom. United States ex rel. Shaw v. De Robertis, 755 F.2d 1279 (7th Cir. 1985) (citing Branch v. Estelle, 631 F.2d 1229, 1234 (5th Cir. 1980); United States v. Davis, 532 F.2d 22, 28 (7th Cir.1976)) (emphasis added). Improper references to facts which are not in evidence prejudices the responding party by denying them their right to refute or rebut the evidence. Id.[2]

Given the importance of the Court's determination of the appropriate "clinical standard" in this case, and Defendant's refusal to follow Your Honor's instructions, the Government respectfully requests that the Court either: (1) strike the paragraphs cited above; or (2) reopen the Atkins hearing for the limited purpose of allowing the Government to call an expert witness to rebut the unadmitted evidence.

The Government respectfully submits that the preferable choice would be to strike the offending paragraphs. Striking these paragraphs would have the limited effect of preventing Defendant from proposing findings of fact based on material that is outside the record.

Conversely, reopening the hearing would require the Government to expend additional resources calling an expert witness back to the stand to rebut the unadmitted evidence. Failure to allow the Government to rebut this evidence would violate Supreme Court precedent. Kansas v. Cheever, 134 S. Ct. 596, 598-601 (2013). Reopening the hearing would not only inconvenience the Government and the Court, it would threaten unnecessary delay of other events on the calendar. Both Judicial Economy and the ends of Justice weigh against this option.

Given the track record of events in this case, the Government anticipates that Defendant may again rely on materials which are outside the record in his rebuttal of the Government's Proposed Findings of Fact and Conclusions of Law (Docket Entry 433). To that end, the Government respectfully asks the Court to

---

[1] Counsel for Defendant requested the Government's consent to rely on one article that was published after the hearing concluded. No mention was made in that communication of the numerous other articles, also cited by Defendant, which were outside the record of the hearing.

[2] These cases discuss a defendant's right to rebut a prosecutor's references to facts outside the record, but the same logic holds true here. At an Atkins hearing, the Defendant "goes first" and has the burden of proof, and the Government has a right to rebut the Defendant's evidence. Kansas v. Cheever, 134 S. Ct. 596, 598-601 (2013).

admonish Defendant not to cite material outside the record in his rebuttal papers.

      Defendant had 16 Court days in which to present evidence of the clinical standard for the Court's consideration. The time for admitting documents into evidence ended when Defendant rested his rebuttal case. Paragraphs 171, 172, 245, 246, 248, 262, and 695 of Defendant's Proposed Findings of Fact and Conclusions of Law rely on facts that are not in evidence. To that end, those paragraphs should be stricken in their entirety. At the very least – the Court must strike the portions of those paragraphs which are buttressed by the unadmitted evidence. Alternatively, the Court must reopen the hearing and allow the Government to call an expert witness to rebut these documents.

      Respectfully Submitted,

WILLIAM E. FITZPATRICK
Acting United States Attorney

By: _____
JAMES B. NELSON
*Special Assistant U.S. Attorney*
ROBERT L. FRAZER
*Assistant U.S. Attorney*

cc:    Stephen Turano, Esq. (by email)
       Richard Jasper, Esq. (by email)
       Michael Bachrach, Esq. (by email)
       Susan K. Marcus, Esq. (by email)